IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TIMOTHY GLANZ,

        Plaintiff,

vs.

No. CIV 05-1114 WDS

JO ANNE B. BARNHART, Commissioner
of the Social Security Administration,

        Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse and Remand for a Rehearing filed on March 23, 2006. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for disability insurance benefits or supplemental security income. The Court, having considered Plaintiff's Motion [docket # 8] and Memorandum Brief [docket # 9], Defendant's Response [docket # 10], Plaintiff's Reply [docket # 11], the administrative record and applicable law, finds that Plaintiff's Motion should be **GRANTED,** and that this matter is remanded to the Commissioner of Social Security for further proceedings consistent with the Memorandum Opinion and Order.

### I. Background

Plaintiff, who was born on August 24, 1959, worked as a long haul truck driver, dump truck driver, and truck stop cashier before the onset of his alleged disability. Tr. 22. Plaintiff applied to the Social Security Administration for benefits on August 12, 2003. Tr. 65-68. He alleged that he became disabled on November 2, 1999. Tr. 65. Plaintiff's application was denied at the initial level,

Tr. 41, and at the reconsideration level. Tr. 42. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on August 19, 2004. Tr. 52-53. The hearing before the ALJ was held on December 10, 2004, at which Plaintiff appeared represented by an attorney. Tr. 253-281. Plaintiff alleged that he was disabled as a result of depression, back pain, and alcohol dependence. Tr. 81. In an opinion dated April 29, 2005, the ALJ rendered an unfavorable decision, finding that Plaintiff was disabled, but also finding that if Plaintiff discontinued the use of alcohol he would have the ability to perform a wide range of medium work. Tr. 20-33. Plaintiff then filed a request for review with the Appeals Council on May 10, 2005. Tr. 16. The Appeals Council denied Plaintiff's request for review on September 22, 2005, Tr. 5-11, and thereby rendered the ALJ's decision the final decision of the Commissioner of Social Security ("Commissioner"). *See* 20 C.F.R. §§ 404.981, 416.1481

On October 21, 2005, Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3). After consent by the parties, [docket # 3, 5] this case was reassigned to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. Standard of Review

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1047 (10th Cir. 1993). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). Instead, the Court should meticulously examine the record to

determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen,* 844 F.2d 748, 750 (10th Cir. 1993). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams,* 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams,* 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v.*

*Yuckert*, 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

### III. Summary of the ALJ's Decision

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date. Tr. 23. The ALJ found at step two that Plaintiff had the severe impairment of major depression disorder and/or bipolar affective disorder; history of attention deficit disorder; alcohol dependence; and a sacroiliac dysfunction. Tr. 23. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 23. At step four, the ALJ concluded that Plaintiff could perform medium level work; could stand and/or walk for six hours out of an eight-hour day; could bend, stoop, kneel, crouch, crawl, and climb ropes, ladders, scaffolds, ramps and stairs on a frequent basis, but should still avoid frequent exposure to unprotected heights or hazardous moving machinery. The ALJ concluded that Plaintiff had mental limitations such that he could not understand, remember, and carry out even simple instructions and tasks in an object focused setting, requiring no more than minimal social interaction or minimal collaboration with coworkers and supervisors and no more than infrequent, superficial and incidental contact with the public. Tr. 29. Given the RFC assessment, the ALJ found that Plaintiff could not perform his past relevant work. Tr. 29. At step five the ALJ concluded that there were no jobs in the national economy that Plaintiff could perform, based on the above-noted limitations and relevant vocational factors. Tr. 30. Accordingly, the ALJ concluded that Plaintiff was disabled considering all limitations including those associated with

4

alcoholism. Tr. 30

The ALJ then considered 20 CFR § 404.1535, and concluded that alcohol was a material contributing factor to Plaintiff's disability. The ALJ concluded that but for the limitations associated with alcoholism, Plaintiff would still not be capable of returning to past relevant work, but would be capable of making a successful adjustment to work that exists in significant numbers in the national economy, and therefore was not disabled. Tr. 31.

Plaintiff contends that the ALJ erred in determining that alcoholism was a material contributing factor to Plaintiff's disability, that the ALJ erred in her step 5 analysis, that Plaintiff should be considered disabled as a matter of law under the listings of impairments, and that the ALJ demonstrated bias.

### IV. Discussion

1. Whether the ALJ Erred in Determining That Alcoholism Was a Material Contributing Factor to Plaintiff's Disability.

There are special statutes and regulations governing drug and alcohol (DAA) cases. The Contract with America Advancement Act of 1996, Pub. L. No. 104-121, 110 Stat. 848, 852 (enacted March 29, 1996) added an extra step to the five-step sequential evaluation for claimants with DAA. The Act amended the Social Security Act to provide that "[a]n individual shall not be considered to be disabled for purposes of this subchapter if alcoholism or drug addiction would (but for this subparagraph) be a contributing factor material to the Commissioner's determination that the individual is disabled." 42 U.S.C. § 423(d)(2)(C); *see also McGoffin v. Barnhart*, 288 F.3d 1248, 1251.

The Commissioner's implementing regulations set forth the analysis to be followed by an

ALJ in a case involving DAA: "If we find that you are disabled and have medical evidence of your drug addiction or alcoholism, we must determine whether your drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 416.935(a). 20 C.F.R. § 416.935(b) sets forth the process the Commissioner follows when there is medical evidence of drug addiction or alcoholism.

Shortly after the law was amended, the Commissioner sent out a teletype on applying the new law, which speaks to situations where a claimant has one or more other mental impairments in addition to DAA. It stresses the need for careful examination of periods of abstinence and also directs that if the effects of a claimant's mental impairments cannot be separated from the effects of substance abuse, the DAA is *not* a contributing factor material to the disability determination:

> 29. Q. The most complicated and difficult determinations of materiality will involve individuals with documented substance use disorders and one or more other mental impairments. In many of these instances, it will be very difficult to disentangle the restrictions and limitations imposed by the substance use disorder from those resulting from the other mental impairment(s). Can any examples be provided for how to handle the materiality determination in these situations, or can any guidance be provided for the type of information that should be used in trying to assess the impact of each impairment?
>
> A. We know of no research data upon which to reliably predict the expected improvement in a coexisting mental impairment(s) should drug/alcohol use stop. The most useful evidence that might be obtained in such cases is that relating to a period when the individual was not using drugs/alcohol. Of course, when evaluating this type of evidence consideration must be given to the length of the period of abstinence, how recently it occurred, and whether there may have been any increase in the limitations and restrictions imposed by the other mental impairments since the last period of abstinence. When it is not possible to separate the mental restrictions and limitations imposed by DAA and the various other mental disorders shown by the evidence, a finding of 'not material' would be appropriate.

With regard to the materiality finding, the Commissioner's teletype further directs that where a medical or psychological examiner cannot project what limitations would remain if the claimant

stopped using drugs or alcohol, the disability examiner should find that DAA is *not* a contributing factor material to the disability determination:

> 27. Q. Is it appropriate for an MC/PC [medical consultant/psychological consultant] to conclude that he/she cannot project what limitations, if any, would remain if drug/alcohol use stopped and let the DE [disability examiner] make a determination that DAA is not material?
>
> A. Yes. There will be cases in which the evidence demonstrates multiple impairments, especially cases involving multiple mental impairments, where the MC/PC cannot project what limitations would remain if the individuals stopped using drugs/alcohol. In such cases, the MC/PC should record his/her finding to that effect. Since a finding that DAA is material will be made only when the evidence establishes that the individual would not be disabled if he/she stopped using drugs/alcohol, the DE will find that DAA is not a contributing factor material to the determination of disability.

The Court concludes that there was not sufficient evidence, under the guidelines set forth above, upon which the ALJ could base her decision that Plaintiff's alcohol use was a material contributing factor to his disability. The Commissioner notes that Dr. Eizner "found Plaintiff's alcohol dependence sufficiently severe that it was one of his primary diagnoses." While that is true as far as it goes, it is apparent from Dr. Eizner's Mental Status Examination (Tr. 187-189) that he made no attempt to project what limitations would remain if Plaintiff stopped using alcohol. The ALJ noted that Dr. Kenneth Bull appears to have been unaware that Plaintiff was still drinking. While that also appears to be true, it simply means that Dr. Bull's evaluation is of no assistance in determining whether alcohol use was a material factor in Plaintiff's disability. The Court further notes that the Psychiatric Review Technique Forms (Exhibits 4 and 6) completed by DDS physicians similarly did not offer an opinion whether alcohol use was a material contributing factor to Plaintiff's disability, or distinguish between mental impairments that would or would not remain if Plaintiff was not using alcohol.

7

Because a social security disability hearing is a non-adversarial proceeding, the ALJ is "responsible in every case 'to ensure that an adequate record is developed during the disability hearing consistent with the issues raised.'" *Hawkins*, 113 F.3d at 1164 (quoting *Henrie v. United States Dep't of Health & Human Servs.*, 13 F.3d 359, 360-61 (10th Cir. 1993)); 20 C.F.R. § 404.944 (requiring the ALJ to "look[] fully into the issues"). In cases such as this, where the claimant has a documented substance abuse disorder and a mental impairment, it is incumbent upon the ALJ to present the issue for direct evaluation by a medical or psychological examiner. The failure to do so in this case justifies remand for further proceedings.

2.  Whether the ALJ Erred in Her Step 5 Analysis.

Plaintiff alleges that the ALJ erred in her step 5 analysis by finding that Plaintiff could perform medium work, but was limited to lifting 20 pounds or less. Medium work requires lifting of 25 pounds frequently and up to 50 pounds occasionally. Plaintiff cites to third full paragraph on page 4 of the ALJ's opinion, where the following sentence appears: "Lifting is restricted to 20 pounds or less." (Tr. 24.) It is apparent, taking the entire paragraph in context, that the ALJ is merely citing the medical record or the testimony of Plaintiff, and is not herself making a finding. Plaintiff's objection is not well taken.

3.  Whether the ALJ Erred in Not Finding Plaintiff Disabled Under the Listings.

Plaintiff next argues that he should have been found to meet one or more of the listings at step 3 of the sequential analysis. Plaintiff suggests that he met §12.04-Depressive Disorder. The ALJ's opinion contained no step 3 analysis whatsoever. There is simply the statement that Plaintiff's impairments are "severe" but not "severe" enough, either singly or in combination, to meet or equal a listing. Accordingly, there is nothing for the Court to review. A full step 3 analysis should be

completed upon remand.

4.     Whether the ALJ Demonstrated Bias to the Extent that This Matter Should be Assigned to a Different ALJ

The Court is not prepared at this juncture to find that the present ALJ will be unable to follow the Court's directions on remand. Accordingly, the Court declines Plaintiff's request at this time.

### V. Conclusion and Summary

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Reverse and Remand for a Rehearing [docket #8] is **GRANTED,** and this matter is remanded to the Commissioner of Social Security for further proceedings consistent with the Memorandum Opinion and Order.

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**